# In the United States District Court for the Southern District of Georgia Brunswick Division

MEREDITH LADON HANNAH,

    Plaintiff,

v.

CITY OF KINGSLAND, GA,

    Defendant.

CV 210-095

## ORDER

Presently before the Court is Defendant City of Kingsland's Motion to Dismiss. See Dkt. No. 8. Upon due consideration, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Meredith Hannah claims that Defendant City of Kingsland wrongfully terminated his employment with the water works department on July 17, 2007. Plaintiff alleges that he was fired in retaliation for making an accusation against another city employee and contends that other city employees were allowed to keep their jobs, despite having engaged in clearly

inappropriate conduct at various times. Because he was treated unfairly without a sufficient opportunity to defend himself, Plaintiff alleges that Defendant is liable for violating his due process rights guaranteed by the Fourteenth Amendment.

Defendant argues in this motion to dismiss that the doctrine of res judicata precludes Plaintiff from bringing this claim as a result of a similar action Plaintiff filed against Defendant in this Court in August of 2007. See Hannah v. City of Kingsland, No. 2:07-cv-094 (S.D. Ga. Aug. 6, 2007)[hereinafter Hannah I]. In that case, Hanna alleged that the City of Kingsland wrongfully terminated his employment with the city's water works department in July of 2007 in retaliation for an accusation he made against another city employee. See Am. Compl., Hannah I. Hannah claimed that the wrongful termination constituted a violation of his Fourteenth Amendment right to due process. Id. The 2007 lawsuit ended abruptly, however, when the Court granted summary judgment in favor of Kingsland for lack of prosecution after Hannah had failed to respond to several Court orders and then failed to appear at a pretrial conference. See Dkt. No. 45, Hannah I.

**LEGAL STANDARD**

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

2

district court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded facts alleged in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

Typically, a court does not consider "matters outside the pleadings" on a 12(b)(6) motion. Fed. R. Civ. P. 12(d). There is an exception to the rule, however, for public records, including judicial proceedings. See Crooked Creek Properties, Inc. v. Ensley, No. 2:08-CV-1002, 2009 WL 3644835, at *8 (M.D. Ala. Oct. 28, 2009)("[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss" (quoting In re Am. Corp. Lincoln Sav. & Loan Sec.

Litig., 102 F.3d 1524, 1537 (9th Cir. 1996)). As a result, there is no need to convert the present motion into a motion for summary judgment, notwithstanding the Court's reliance on past judicial proceedings.

**DISCUSSION**

The doctrine of res judicata provides that a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). All four elements are present in this case.

First, the Court issued a final judgment on the merits in Hannah I. Upon granting Kingsland's motion for summary judgment, the Court entered a final judgment in favor of Kingsland and denied Hannah's subsequent motion to reopen the case. See Dkt. No. 51. Because "a judgment rendered upon a motion for summary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment," the first requirement is clearly met in this case. Bazile v. Lucent Technologies, 403 F. Supp. 2d 1174, 1181 (S.D. Fla. 2005)(citing

Exhibitors Poster Exchange, Inc. v. Nat'l Screen Serv. Corp., 517 F.2d 110 (5th Cir. 1975)).

Second, there is no dispute that the judgment in Hannah I was rendered by a court of competent jurisdiction. Hannah's federal due process claim was properly brought and adjudicated before this Court.

Third, the parties are clearly identical, given that each case involves Hannah suing the City of Kingsland.

Finally, the same cause of action is involved in Hannah I and this case. The amended complaint in Hannah I and the complaint in the present lawsuit appear to be identical. See Am. Compl., Hannah I; see also Dkt. No. 1. In fact, the complaint in this lawsuit may be nothing more than a slightly modified duplicate of the amended complaint in Hannah I: Plaintiff appears to have scratched out by hand the word "AMENDED" of Hannah I's "AMENDED COMPLAINT" document heading so that the heading of the complaint in this case reads "COMPLAINT" preceded by illegible scribble. See Dkt. No. 1. Because the amended complaint in the previous case and complaint here are identical in substance, the Court finds that the same cause of action is involved in both cases.

The doctrine of res judicata thus bars this lawsuit.

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons stated, the motion to dismiss is **GRANTED**.

**SO ORDERED**, this 6th day of May, 2011.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)